NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0268n.06
Filed: April 10, 2007

No. 06-5330

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BILL HEARD CHEVROLET CORPORATION, NASHVILLE, | ) ) ) | |
| Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE |
| v. | ) ) | |
| IRIS L. HISLE, | ) ) | M E M O R A N D U M O P I N I O N |
| Appellant. | ) | |

BEFORE:    GUY, COLE, and McKEAGUE, Circuit Judges.

PER CURIAM. Appellant Iris L. Hisle, debtor in bankruptcy, appeals the judgment of the district court reversing the bankruptcy court's award of sanctions to her based on appellee Bill Heard Chevrolet Corporation's violation of the automatic stay arising pursuant to 11 U.S.C. § 362. The bankruptcy court imposed minimal sanctions on Bill Heard Chevrolet in the amount of $2500 based on its determination that Bill Heard Chevrolet's post-petition pursuit of its motion to dismiss Hisle's state court claim against it constituted an "offensive action" against an asset of the estate, in violation of 11 U.S.C. § 362(a)(1) and (3). On appeal, the district court reversed, holding (a) that the automatic stay does not apply to a lawsuit instituted by the debtor; and (b) that a motion to dismiss the debtor's lawsuit is neither an "action or proceeding against the debtor" under § 362(a)(1) nor an "act to obtain possession of or exercise control over property of the estate" under § 363(a)(3). The

district court thus held that Bill Heard Chevrolet's actions were not in violation of the automatic stay and that sanctions were imposed in error.

Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the district court erred in reversing the bankruptcy court's decision. Appellant Hisle has failed to persuasively identify any error of fact or law in the district court's opinion. Because we conclude the reasoning that supports the district court's judgment has been correctly articulated by the district court, issuance of a detailed written opinion by this court would be duplicative and serve no useful purpose. Accordingly, the judgment of the district court is, upon the reasoning employed in its opinion issued on February 10, 2006, hereby **AFFIRMED.**